OPINION OF THE COURT
Rockwell D. Colaneri, J.
The defendant, a prominent attorney in Rocky Point, New York, is charged with a violation of paragraph A of section 85-183 of the Brookhaven Town Zoning Ordinance, pertinent parts of which are set forth as follows: “A. No land shall be occupied or used and no building or structure hereafter erected or altered shall be used or changed in use until a Certificate of Occupancy shall have been issued”.
The accusatory instrument specifically charges the defendant with a violation of said section 85-183 in that: On February 24, 1977, “He did cause land and building to be occupied without a Certificate of Occupancy which is contrary *190 to Article XXV, Section 85-183, Paragraph 'a’ of the Zoning Ordinance of the Town of Brookhaven.”
During the trial of this action, there was only one witness produced by the People, who was Robert Klein, a building inspector of the Town of Brookhaven. The witness testified that a building permit was issued to the defendant and that subsequently he made personal inspections of the building site on July 12, 1974 (foundation inspection), on October 22, 1974 (roughing inspection) and in November, 1978 the final inspection was made. The certificate of occupancy was finally issued on January 29, 1979.
The witness also testified that there were six inspections made of the defendant’s premises between October 22, 1974 and February 24, 1977 (the later date being the date on which the alleged violation occurred). Mr. Klein also testified that no violations of the building code were found after each of said six inspections. Indeed, there were no changes in the completed construction between February 24, 1977 and November, 1978, when the defendant sent a letter to the town building department demanding of the chief building inspector to issue a certificate of occupancy, pursuant to the provisions of subdivision 4 of section 380 of the Executive Law. Approximately two months after Mr. Klein’s final inspection, the certificate of occupancy was issued.
Although there were no violations filed or placed against the construction between July 12, 1974 and January 29, 1979 (fully four and one-half years), the building department failed and refused to issue a certificate of occupancy. No explanation for the long, interminable delay was offered to the court during the trial, and, to say the least, the court is mystified. It appears to the court that said building department was arbitrary and capricious in denying the issuance of a certificate of occupancy to the defendant.
Some of the mystery is cleared up in the defendant’s reply memorandum in which the defendant’s long odyssey in a quest for a certificate of occupancy is recounted. After reading the exhibits annexed to said memorandum (some of which are public records such as a notice of claim and a complaint in a mandamus proceeding), the court is more firmly convinced that the building department was arbitrary and capricious in denying the defendant his certificate of occupancy.
There is no doubt in the court’s mind that said building department should have issued the certificate of occupancy *191 when the building was completed in the later part of 1974 or the early part of 1975. All inspections from October 22, 1974 to the date of the alleged violation (Feb. 24, 1977) disclosed no violations.
Further, there were no violations, and more significantly, there were no changes, additions or alterations in the construction from February 24, 1977 to January 29, 1979.
Moreover, subdivision 4 of section 380 of the Executive Law mandates the issuance of a certificate of occupancy when "[a]ny building * * * constructed in conformance with the provisions of the state building construction code * * * and the owner * * * shall be entitled, upon a showing of compliance with such code, to demand and obtain * * * any permit, license, certificate * * * the issuance of which is authorized”.
Accordingly, the People have not proved the defendant guilty beyond a reasonable doubt and the court finds the defendant not guilty and dismisses the information in this matter.